# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ISABEL HIDALGO and SYLVIA VALDEZ,**

        **Plaintiffs,**

**-vs-**                                                 **Case No. 6:10-cv-382-Orl-22DAB**

**KN GOLD STONE, INC. and KHALIL NANITALWALA,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **FINAL MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 10)** |
| **FILED:** | **May 4, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

This is an action pursuant to the Fair Labor Standards Act ("the FLSA"). Following the entry of a clerk's default against the corporate defendant, Plaintiffs move for final default judgment. Because the record appears incomplete and inconsistent, the Court **respectfully recommends** that the motion be **denied, without prejudice** to renewal, upon clarification and supplementation.

**Allegations of the Complaint**

According to the Complaint (Doc. No. 1), Plaintiffs worked as housekeepers and were "employees" of the Defendants. The Complaint alleges (with no supporting facts) the following conclusions: Plaintiffs were "engaged in commerce" (Allegations 7 and 13); Defendants were "an enterprise engaged in commerce" (Allegation 10) and "an enterprise engaged in the production of goods for commerce" (Allegation 11); "upon information and belief, the annual gross revenue of Defendants were in excess of $500,000.00 per annum during the relevant time periods" (Allegation 12); and Plaintiffs "were engaged in the production of goods for commerce" (Allegation 14). The Complaint further alleges that Plaintiffs were not properly compensated for overtime hours worked.

**Default Standard**

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

**Analysis of Motion for Default Judgment**

To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that: (1) Defendant employed him or her; (2) Defendant is an enterprise engaged in interstate commerce covered by the FLSA (or Plaintiff is otherwise covered under FLSA);

(3) Plaintiff actually worked in excess of a 40-hour workweek; and (4) Defendant did not pay any overtime wages to him/her. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir.2008). The FLSA defines an "enterprise engaged in commerce" as, among other things, an enterprise with annual gross revenue of $500,000 or greater. 29 U.S.C. § 203(s). For "individual coverage" to apply under FLSA, Plaintiff must prove that he was: 1) engaged in commerce or 2) engaged in the production of goods for commerce. 29 U.S.C. § 206(a)(1). The work of employees "engaged in commerce" involves or relates to "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA:

> [H]e must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted). Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce. *Thorne,* 448 F. 3d at 1268.

Applying the above, it is clear that the allegations of the Complaint are insufficient to establish FLSA application here. The Complaint does not describe the nature of the employment or the business of the employer, other than stating that Plaintiffs were housekeepers. There are no facts pled to explain how a housekeeper is "engaged in commerce" or "engaged in the production of goods for commerce"under this definition. Moreover, Plaintiffs never set forth the nature of the employers business (assuming, in fact, it was a business), nor is there any factual support sufficient to establish

enterprise liability.[1] Although Plaintiffs have supplemented the conclusory assertions of the complaint with Affidavits (Doc. Nos. 10-2 and 10-3), these Affidavits do not speak to the issue of coverage but establish only that Plaintiffs were "hourly employees." While a default admits the well-pled allegations of the Complaint, conclusory assertions without supporting facts are not enough. As noted by the Southern District:

> While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. *See Donovan v. Weber*, 723 F.2d 1388, 1391-92 (8th Cir. 1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); *see also Birdwell v. City of Gadsden*, 970 F.2d 802, 807-08 (11th Cir. 1992) (under the FLSA, "[i]t is for the court to determine if a set of facts gives rise to liability"); *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

*Silver v. Dr. Neal Krouse*, *D.O., P.A.*, 2007 WL 4098879 (S.D. Fla. 2007) (slip opinion).

Here, as a matter of law, Plaintiff has failed to establish FLSA coverage to the facts at hand. Absent this basic showing establishing liability, there can be no judgment, default or otherwise.

Additionally, the Court notes that the papers filed are inconsistent with respect to the identity of the actual employer. While suit is filed against KN Gold Stone, Inc., the demand letters attached to the Complaint state that Plaintiffs "worked for Akshay Hotels, Inc." (Doc. No. 1 at pp. 7, 9). Moreover, the cost ledger attached to the motion identifies the case as "Valdez, Sylvia vs. Ramada" and "Hidalgo, Isabel vs. Ramada" (Doc. No. 10-3). In view of these inconsistent representations, the Court finds default judgment against this corporate defendant to be, at best, premature.[2]

---

[1] Plaintiffs allege only unspecified "information and belief." Absent a recitation of the facts relied upon as the "information" to support the "belief," this averment proves nothing.

[2] There does not appear to be service of process on the individual defendant, and it is not clear if Plaintiffs are dropping their claim against the individual. This, too, should be clarified on renewal. If Plaintiffs intend to pursue their claim against the individual defendant, the motion is premature to the extent it purports to seek "final" judgment.

-4-

## *CONCLUSION*

For the foregoing reasons, it is **respectfully recommended** that the motion be **denied, without prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 11, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy